# EXHIBIT A

Case 1:20-cv-24877-XXXX   Document 1-2   Entered on FLSD Docket 11/25/2020   Page 2 of 4

Oct 02 14 07:44p     Taral Productions LLC                           5614554799                    p.1

# Taral Productions LLC

as of February 6, 2014

Stelpro Investors LLC
c/o Stephen J. Garchik
sStelpro@sjmpartners.com

Re: Googles.com/Assignment Agreement

Dear Stephen:

This Assignment Agreement (the "Agreement") sets forth the terms of an agreement by and between Taral Productions LLC ("Taral") and Stelpro Investors LLC ("Stelpro") in connection with an intellectual property commonly referred to as "Googles.com", including all related URLs, character designs, websites, story lines, trademarks, other intellectual property rights and any and all other elements related in any way thereto (collectively, the "Property").

The Agreement is based on the following premises:

    A.    Stelor Productions LLC ("Stelor") and Google Inc. entered into that certain Settlement Agreement (the "Settlement Agreement"), executed by Stelor on or about December 15, 2008 and counter-executed by Google Inc. on or about December 16, 2008.

    B.    Stelpro is the successor in interest to Stelor under the Settlement Agreement and is entitled to all of the rights and benefits flowing to Stelor under the Settlement Agreement, including but not limited to the exclusive ownership of the Property.

    C.    Stelpro desires to assign an undivided one-half interest in the Property to Taral on the terms and conditions set forth herein.

Based on the forgoing, the parties hereto agree as follows:

    1.    Stelpro hereby agrees to assign, grant and set over to Taral an undivided one-half interest in the Property, including the rights and benefits of Stelpro under the Settlement Agreement. If either Stelpro or Taral receive a solicitation of interest from a third party to acquire the rights in and to the Property or enter into a joint development proposal that each considers a bona fide offer for the rights, then Stelpro and Taral shall set up a new entity ("NewCo") and assign their rights in and to the Property to NewCo. NewCo shall be jointly owned and managed by Stelpro and Taral. NewCo shall conduct the sale to the third party in connection with the Property or enter into the joint development proposal. NewCo shall not take any action without the joint approval of Stelpro and Taral.

    2.    As of the date hereof, on a going forward basis, any and all costs related to the Property shall be paid one-half by Taral and one-half by Stelpro, including but not limited to any and all costs of the web-hosting, maintenance, exploitation or protection of the Property (including all legal fees related thereto, including in connection with the drafting of this

1
F:\BWA\COHEN, ALLAN\GOOGLES\GARCHIK AGT\ASSIGNMENT AGREEMENT V2014-02-26-FINAL.DOC



CONFIDENTIAL                                                                                       SMKIDS003092

Agreement), the engagement of any third parties to render any services in connection with the Property, and any costs related to NewCo, including attorneys, sale agents, web designers, artists, writers and any and all other service providers related to the Property.

3. All decisions related to the Property shall be jointly made by Taral and Stelpro, including but not limited to those related to the design and maintenance of any Property related to the website, the sale or disposition of the Property, the defense or prosecution of any litigation related to the Property and the operations of NewCo.

4. Any and all proceeds derived from the Property, including arising out of the sale or the exploitation of the Property, or any litigation related to the Property, shall be divided between the parties hereto as follows:

   a. First, one-half to Taral and one-half to Stelpro until each has recouped any and all of their expenses related to the Property commencing as of the date hereof;

   b. Then to Stelpro until Stelpro has received an amount equal to Three Million Five Hundred Thousand Dollars ($3,500,000.00); and

   c. Thereafter, one-half to Taral and one-half to Stelpro.

5. Stelpro represents and warrants to Taral that (i) Stelpro is the sole owner of all rights in and to the Property and that no other third party, person, company or entity has any right, title or interest therein, (ii) there are no known claims currently existing in connection with the Property, (iii) Stelpro has the right to assign the rights to Taral as set forth herein and no third party permissions are required to effectuate the assignment and (vi) the exercise of any rights in and to the Property by Taral will not violate the rights of any third party. Stelpro shall defend and indemnify Taral for any costs, losses, damages or liability (including reasonable attorneys' fees) arising out of a breach or claim of breach by any third party of any of the representations or warrantees of Stelpro hereunder.

6. Neither party shall assign any of its rights in the Property without the express prior written permission of the other. NewCo shall not assign any of its rights in the Property without the express prior written permission Stelpro and Taral.

7. Notwithstanding any other provision of this Agreement, if after two (2) years from the date of the execution of this Agreement by Stelpro there has been no bona fide solicitation of interest from any third party to acquire the rights in the Property or enter into a joint development agreement for the Property, then this Agreement shall terminate and all rights assigned to Taral shall revert to Stelpro free and clear of any claims or liens.

8. This Agreement shall be governed by the laws of the State of Florida. Any dispute arising out of or related to the Agreement shall be submitted to binding arbitration in accordance with the rules of the American Arbitration Association and a judgment on an award may be enforced in any court of competent jurisdiction. Each of the parties agrees to personal

CONFIDENTIAL                                                                                    SMKIDS003093

Oct 02 14 07:44p        Taral Productions LLC                         5614554799              p.3

jurisdiction in any action brought in any arbitration or court (whether federal or state), within the State of Florida having subject matter jurisdiction arising under this Agreement.

9. The parties hereto acknowledge that the law firm of Wyman & Isaacs, LLP and Robert Wyman (collectively "WI") have represented Taral in the past. The parties hereto waive any conflict or any potential conflict which may exist as a result of WI's prior representation of Taral and with respect to the drafting of this Agreement on behalf of Taral and Stelpro, and the future representation by WI related to various matters arising in connection with the Property. In the event of a dispute between Taral and Stelpro, WI shall have the continuing right to solely represent Taral and Stelpro shall seek independent counsel.

In witness hereof, the parties have entered into this Agreement as of the date set forth above.

Stelpro Investors LLC                                TaralProductions LLC

By: _____                          By: _____
    Stephen Garchik, Manager                             Allan Cohen, Manager

Date: 3/2/14                                         Date: 3/2/2014

3
F:\BW\COHEN, ALLAN\GOOGLES\GARCHIK AGT\ASSIGNMENT AGREEMENT V2014-02-26-FINAL.DOC

CONFIDENTIAL                                                                SMKIDS003094